Eastern Dis'ct
*March* 1827.

DEFLECHIER'S
SYNDICS
*vs.*
DERRUYS.

—◦◦◦—

## *M'MICKEN* vs *SMITH & WIFE.*

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The defendants and appellees move to dismiss this appeal, because there has been no service of the citation to this court.

The evidence of service is contained in an affidavit of the deputy sheriff, written on the back of the citation; in which he states, "that he did deliver a copy of the citation, together with a copy of appellant's petition to Archibald Haraldson, the counsel of defendant, on the 31st May, 1826, and on the 3d day of June, 1826, also delivered to Margaret Smith, one of the defendants, a copy of

Service of citation of appeal on the attorney of the appellee, is not sufficient, unless it is shewn the latter was absent from the state. Nothing will cure want of citation, but appearance & pleading to the merits It is not a good service of a citation of appeal, that it may be made on a curator *ad hoc* when the party dies *pendente lite.* His heir should be cited. Married women cannot, under any circumstances, become sureties for their husbands.

Eastern Dis't
March, 1827.

M'MICKEN
vs.
SMITH.
& AL.

this citation, together with a certified copy of appellant's petition."

The 582d article of the code of practice directs, that the sheriff shall serve the petition and citation of appeal on the appellee, if he reside within the state, or his advocate if he do not, by delivering a copy of the same to such appellee, or his advocate, or by delivering it at the place of his domicil.

The directions of this article have not been complied with in the case before us.— The return shows service on the attorney of the defendant; and the record affords no evidence that he was at that time absent from the state.

Several reasons have been urged, to show that the appellee is properly before us.

*First.* That the service being made on the wife, who, by law, is obliged to reside at the domicil of the husband, the presumption is, the latter had notice.

*Secondly,* That the record shows, the defendant was absent from the parish in the year 1825, and there is no evidence given that he had returned before June, 1826, when the citation was served.

And, lastly, that the appearance of the

defendant in this court so soon after the return day, confirms these presumptions.

EasternDis't
*March*, 1827.

M'MICKEN
*vs.*
SMITH,
& AL.

I. The court can presume nothing in relation to a party being cited. *Constructive* notice will not do; nor even *actual*, unless given in the manner prescribed by law.— Proof, by any number of witnesses, in a court of the first instance, that the defendant was informed a suit was pending against him, would not authorise a judgment by default. Nothing will cure the defect of a want of citation, but appearance, and pleading to the merits..

II. Proof, that the appellee was *out of the parish* in 1825, is not proof that he was *out of the state* in 1826; nor does it afford the slightest presumption of the fact.

III. The appellee had a right to come into this court to point out the defect in the process, and prevent the proceedings which might have been had on the record, had not the attention of the court been drawn to the want of citation; and his appearance here *for that purpose*, cannot be construed a waiver of the objection.

We cannot examine the correctness of the judgment in relation to the appellee, who was

regularly cited; for she is a married woman, and must appear here with her husband or by his authority.

The opinion just delivered, was that formed on the record as it was before us on the first argument. After this argument, and before judgment was pronounced, the plaintiff suggested a diminution of the record, and obtained a certiorari to complete it. A return has been made to this writ, and it appears that previous to the decision of the case in the district court, on the death of one of the defendants being shown, it was ordered, "that Archibald Haraldson be appointed curator *ad hoc* to represent the interests of the defendant during the pendency of the suit.

The curator *ad hoc*, is the same person on whom the appeal was served. But we do not think the case of the appellant is made better by the disclosure of this fact. Our code of practice requires, that if the defendant should die after issue joined, his heir must be cited. This is what should have been done here, and until it was done, judgment could not have been regularly given in the district court against the succession of the deceased.

It is said the court must presume the wife

Eastern District
March. 1827.

M'Micken
vs
Smith.
& al.

was the heir. If such were the fact, the appointment of the curator was irregular and void; for she was present and in court.—But that appointment negatives this presumption, if indeed it can be called one; for if we were at liberty to presume any thing in the matter, we should rather suppose the deceased did not die without either ascendants, or descendants, or collateral relations.

But the death of the husband removes the objection, that the wife could not appear in court without him; and, consequently, the case, as to her, must be examined on the merits.

We have done so, and it appears from the evidence, that the notes on which this suit was instituted, were given, in part for negroes sold to the husband, and in part for a balance then due by him on another obligation to the plaintiff. They cannot, therefore, be enforced against the wife. It has been more than once decided in this court, that a married woman could not, under any circumstances, become surety for her husband; and that this prohibition could not be avoided, by giving to the contract the form of an obligation *in solido.*—*Durnford* vs. *Gros and wife,* 7 *Mart.* 484. *Bank* vs. *Trudeau, vol.* 2, 39. *Treme* vs. *Lanaux's Syndics, vol.* 4, 230.

EasternDis'ct
March, 1827.

M'MICKEN
vs
SMITH.
& AL.

It is therefore ordered, adjudged and decreed, that this appeal, so fas as it relates to to the estate of John Smith, one of the appellees, be dismissed with costs.

And it is further ordered, adjudged and decreed, that the judgment of the district court, in favor of the other appellee, Margaret Smith, be affirmed with costs.

*Preston* for the plaintiff, *Watts & Lobdell* for the defendant.